UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL BROWN | CIVIL ACTION NO.: 13-5238 |
| VERSUS | SECTION: "S" |
| ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL. | MAGISTRATE: 01 |
| | JURY DEMAND |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.Cv.P. RULE 56(b)

MAY IT PLEASE THE COURT:

### Introduction

Currently pending in this matter and set for submission on March 16, 2016 is a Motion for Summary Judgment (Rec. doc. 15) filed by Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Lieutenant David Guchereau, Deputy George R. Cummings, Deputy Daniel Sabillon, and Deputy William D. McIntyre, all made defendants herein. On March 8, 2016, the plaintiff submitted an Opposition to the defendants' motion (Rec. doc. 16), with related attachments. The plaintiff's opposition contains several points that the defendants desire to rebut and/or challenge, and they offer the following brief comments for that purpose. For brevity's sake, these comments assume the Court's familiarity with the arguments initially offered by the defendants in support of the Motion as well as the plaintiff's Opposition.

<u>**Law And Argument**</u>

**1. No Need For Further Discovery**

The plaintiff's first criticism of the defendants' motion is that he has been allowed insufficient time to conduct discovery. While Rule 56 does contemplate such a consideration, the relevant jurisprudence consistently holds that in order to raise this issue, "the nonmoving party <u>*must*</u> file a motion and non-evidentiary affidavits pursuant to Rule 56(f), explaining why it cannot oppose the summary judgment motion on the merits, in order to preserve a complaint of inadequate opportunity to conduct discovery."[1] In this case, the plaintiff did not file a motion to continue and did not submit any affidavits or declaration addressing this issue. Instead, his counsel simply included it in his Opposition Memorandum.

Additionally, the plaintiff has failed to identify with any specificity whatsoever exactly what discovery he is missing and exactly how that extra discovery would relate to the issues raised in the defendants' motion. "To secure a continuance for the purpose of obtaining discovery, "the party opposing summary judgment must show that the additional discovery will be more than a mere 'fishing expedition.' "[2] Here, a "fishing

---

[1] *Bankers Trust Co. of California, NA v. Boydell*, 46 Fed.Appx. 731, 2002 WL 1973147, *3 (5th Cir. 2002)(internal quotation marks omitted; emphasis added). *See also Scotch v. Letsinger*, 593 Fed.Appx. 276, 278 (5th Cir. 2014)("Rule 56(d) requires the party seeking discovery to submit an affidavit or declaration that specifies why the party cannot present facts essential to justify its opposition to the motion for summary judgment."); *Robbins v. Amoco Prod. Co.,* 952 F.2d 901, 907 (5th Cir.1992).

[2] *Wright ex rel. Wright v. United States*, 69 F.Supp.3d 606, 617 (S.D. Miss.2014) *affirmed,* 2016 WL 279087 (5th Cir. 2016).

expedition" is exactly what the plaintiff is seeking to accomplish and that effort should be rejected by this Honorable Court.

### 2. Finality Of Plaintiff's Underlying Criminal Convictions

The plaintiff's second attempt to derail, or at least delay, defendants' motion is related to the finality (or lack thereof) of the plaintiff's underlying criminal convictions. One of the primary argument relied upon in the defendants' motion is their assertion of the *Heck v. Humphrey* doctrine, the application of which requires that the plaintiff's underlying criminal charges be completely resolved. The plaintiff claims that his application for supervisory writ regarding his charges is pending before the Louisiana Court of Appeals, First Circuit, and so he claims resolution of the criminal charges are not final.

The best way to set the stage for addressing this issue is a timeline or relevant events:

| | |
|---|---|
| May 28, 2014 | Plaintiff is convicted of the two misdemeanor charges arising out the same incident as this lawsuit. |
| June 19, 2014 | Plaintiff timely files a notice of appeal relative to his convictions. |
| July 30, 2014 | The district court rejects the plaintiff's appeal based on the fact that, under Louisiana law,[3] misdemeanor convictions cannot be appealed as of right and must instead be pursued by way of an application for supervisory writ, which is discretionary in nature. |

---

[3] LSA- Code of Criminal Procedure article 912.1(C)(1).

| December 15, 2015 | The defendants file an Ex-Parte Motion to Lift Stay Order (Rec. doc. 11) that had been imposed in this matter on March 18, 2014 (Rec. doc. 10) pending the resolution of the plaintiff's criminal charges. |
| --- | --- |
| December 17, 2015 | The Court grants the motion to lift the stay order. The plaintiff failed to offer any challenge to the ground for the motion, i.e., that the plaintiff's criminal convictions were in fact final. |
| February 19, 2016 | Defendants fill the current motion (Rec. doc. 15), which is set for submission on March 16, 2016. |
| February 29, 2016 | Plaintiff apparently[4] files with the district court a notice of his intention to file an application for supervisory writ, which the district court apparently rejected on March 1, 2016. |
| March 2, 2016 | Plaintiff apparently files with the district court a notice of his intent to file an application for supervisory writ regarding the district court's March 1, 2016 rejection of his February 29th application. |
| March 7, 2016 | Plaintiff's application for supervisory writ referenced in the previous entry is filed with the Clerk of the First Circuit.[5] |
| March 8, 2016 | Plaintiff's Opposition (Rec. doc. 16) to the present motion is filed with the Clerk of this Honorable Court. |

As this timeline make clear, the plaintiff did _absolutely nothing_ to pursue appellate review of his convictions between July 30, 2014 and February 29, 2016, a period of 19 months. When the defendants filed their motion to lift the stay order, he failed to communicate with either undersigned counsel or this Court about his apparent plan to

---

[4]    While a photocopy purporting to be the plaintiff's writ application itself is attached to his Opposition (Rec. doc. 16-3), the exhibits referenced in that document are not included. This comment is also relevant to the next timeline entry.

[5]    Telephone conversation between the undersigned and a deputy clerk at the First Circuit.

seek such review. Then, ten days *after* the defendants filed the subject dispositive motion, he suddenly begins frantic efforts to file something with the appellate court.

Additionally, the current filing with the First Circuit does not properly challenge the plaintiff's convictions. In fact, it is about three steps removed from the substance of those convictions. It is properly limited to review of the district court's rejection of the plaintiff's initial writ application. Only once the plaintiff gets past this hurdle can he seek permission from the appellate court to file a tremendously-untimely writ application as to the convictions, and only then would he be allowed to seek a supervisory writ addressing the actual convictions themselves. This Honorable Court should see all of this for exactly what it is: a bad-faith effort to avoid the inevitable application of the *Heck* doctrine to this case.

### 3. Probable Cause For The Plaintiff's Arrest

The plaintiff finally gets to the substance of the defendants' motion with a brief discussion of the issue of probable cause. The defendants addressed this issue on pages 12 through 15 of their original Memorandum in Support (Rec. doc. 15-1) and they stand convinced of the efficacy of that argument.

### 4. The Issue Of Excessive Force

The next section of the plaintiff's argument concerns the excessive-force aspect of his claim. Once again, the defendants fully and adequately explored this issue on pages

16 and 17 of their original Memorandum in Support (Rec. doc. 15-1) and they stand convinced of the efficacy of that argument.

**5.  Plaintiff's Condition of Confinement Claim**

The plaintiff's final two sections argue that he has stated a viable conditions-of-confinement claim based on him being placed in one of the Jail booking cages for a brief period of time during his processing into the Jail, and a viable *Monell* claim against Sheriff Strain based on the Jail's use of the booking cages. But his assertion regarding the booking cage is only mentioned once in the plaintiff's Complaint (Rec. doc. 1), in Paragraph 11, and there it is connected with plaintiff's state-law intentional infliction of emotional distress claim, not his § 1983 claims.

He also fails to address any of the substantive issues regarding the booking cages, i.e., how long he spent in the booking cage, how that period of time compared to that of other individuals being processed into the Jail, etc. Instead of real argument, plaintiff relies on a completely unwarranted and unsupported assumption: That the Jail's use of the booking cages was a *pro-se* constitutional violation. Short of settled legal authority on that issue, the plaintiff's assumption remains just that.[6]

**6.  Plaintiff's Lack of Coherent Contrary Argument**

The relevant law regarding summary-judgment is clear that, once the moving party makes a properly supported motion for summary judgment – which the

---

[6]     *See also* the argument contained on pages 19 through 22 of the defendants' original Memorandum in Support.

defendants have obviously accomplished in this case – the non-moving party must look beyond the pleadings and designate specific, contested facts *contained in the record* to show that there is a genuine issue for trial.[7] The plaintiff has utterly failed that test. Instead, he offers little more than a reformatting of the allegations set out in his Complaint and/or bald statements of counsel without any genuine evidentiary support And, as this Honorable Court is certainly aware, "conclusory allegations" and "unsubstantiated assertions" just are not sufficient to meet the non-mover's burden in this context.[8]

The plaintiff's Opposition fails to provide any legitimate and coherent legal argument to overcome the *prima facie* case for qualified immunity set out in defendants' Motion. Emotion-driven speculation and dramatic presentation simply do not equate with actual facts and solid jurisprudence. In order to move this matter beyond the defendants' request for summary judgment, the plaintiff was compelled to present applicable legal arguments and relevant contested evidence supportive of his position. This he has utterly failed to do.

---

[7] *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Coberley v. North Central Texas College*, 2009 WL 500369, *1 (E.D.Tex. 2009).

[8] *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

## Conclusion

For the reasons set out in the defendants' original Memorandum in Support and supplemented herein, their motion for summary judgment should be granted and this matter should thereafter be dismissed as set out in that original memorandum.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY: ___/s/ Gary L. Hanes_____

CHARLES M. HUGHES, JR. (#14382)(T.A.)
GARY L. HANES (#14341)
2250 7th Street
Mandeville, LA 70471
Phone: (985) 624-5010
Facsimile: (985) 624-5306
Email: gary.hanes@talleyanthony.com

Attorneys for Defendants/Movers Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Lieutenant David Guchereau, Deputy George R. Cummings, Deputy Daniel Sabillon, and Deputy William D. McIntyre

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2016, I electronically filed the foregoing Reply Memorandum in Support of Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel (there being no unrepresented parties) by operation of the court's electronic filing system.

___/s/ Gary L. Hanes _____
GARY L. HANES